EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael Ibáñez Galarza<br><br>Peticionario<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico, Compañía Aseguradora XYZ<br><br>Recurridos | Certiorari<br><br>2021 TSPR 95<br><br>207 DPR ____ |

Número del Caso: CC-2019-650

Fecha: 29 de junio de 2021

Tribunal de Apelaciones:

    Región Judicial de Aguadilla

Abogada de la parte peticionaria:

    Lcda. Glenda Labadie Jackson

Abogada de la parte recurrida:

    Lcda. Cathleen Feliciano Torres

Abogada de la parte *Amicus Curiae*:

    Lcda. Iraelia Pernas Meana

Materia: Sentencia con Opinión disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Ibáñez Galarza

    Peticionario

       v.                  CC-2019-650      Certiorari

Cooperativa de Seguros
Múltiples de Puerto Rico,
Compañía Aseguradora XYZ

    Recurridos


SENTENCIA
(Regla 50)


En San Juan, Puerto Rico, a 29 de junio de 2021.

Examinados los méritos de la *Petición de Certiorari* y conforme a la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50 (2012), se revocan las determinaciones emitidas el 1 de mayo de 2019 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla y el 27 de junio de 2019 por el Tribunal de Apelaciones, y se devuelve el caso al Tribunal de Primera Instancia para evaluar y resolver el mismo en conformidad con lo resuelto por este Foro en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ____ (2021).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emite una Opinión disidente. La Jueza Presidenta Oronoz Rodríguez hace constar las expresiones siguientes:

      "La Jueza Presidenta Oronoz Rodríguez disiente del trámite que adoptó este Tribunal para resolver este caso por medio de una Sentencia escueta, de un párrafo, en la cual no se exponen los hechos particulares del caso ni se lleva a cabo el análisis jurídico aplicable.

Si bien una Mayoría de este Tribunal tomó una postura en <u>Feliciano Aguayo v. MAPFRE Panamerican Insurance Company</u>, 2021 TSPR 73, 207 DPR ____ (2021), sobre la normativa aplicable a los casos de seguros producto de los huracanes Irma y María, la Sentencia que hoy se emite no dispone de un tracto fáctico expreso que le permita a las partes y a los foros recurridos evaluar si en este caso se incumplió con lo dispuesto por este Tribunal en <u>Feliciano Aguayo v. MAPFRE Panamerican Insurance Company</u>, supra.

No representa los mejores intereses de las partes, ni de los foros inferiores el despachar estos asuntos sin un análisis concienzudo. Algunos de estos casos llevan más de un año ante la consideración de este Tribunal por lo que corresponde que ejerzamos nuestra función constitucional, mediante el análisis individualizado que ameritan.

La determinación de si en un caso particular se configuraron los requisitos de la figura de pago en finiquito descansa en sus circunstancias particulares. Por lo tanto, no puedo estar de acuerdo con que decidamos de un plumazo, mediante una Sentencia genérica, el mismo resultado para todo caso con una controversia similar. Por entender que el mecanismo que adoptó este Tribunal para disponer de la controversia es uno inadecuado y contrario a nuestro mandato constitucional, me veo compelida a disentir".

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Rafael Ibáñez Galarza | | |
| Peticionario | | |
| v. | CC-2019-0650 | |
| Cooperativa de Seguros Múltiples de Puerto Rico, Compañía Aseguradora XYZ | | |
| Recurridos | | |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 29 de junio de 2021.

Disiento de la determinación que hoy emite este Tribunal al acoger la primera *Moción de Reconsideración* presentada por la parte peticionaria con el efecto de revocar las Sentencias emitidas por los foros inferiores y devolver el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Luego de examinar el expediente y los hechos particulares de este caso, solamente puedo concluir que no hay una controversia real sobre los hechos materiales que impidiera al foro primario dictar sentencia sumariamente. Asimismo, se cumplieron con todos los elementos de la doctrina de pago en finiquito. Por lo tanto, confirmaría la Sentencia del Tribunal de Apelaciones.

I

El 19 de septiembre de 2018, el Sr. Rafael Ibáñez Galarza (peticionario) presentó una demanda contra la Cooperativa de Seguros Múltiples de Puerto Rico (recurrida o aseguradora) por los daños que sufrió su residencia como consecuencia del paso del Huracán María. Sostuvo que la aseguradora incumplió con sus obligaciones contractuales al negarle la cubierta sin justificación y al no emitir los pagos adeudados, pues pagó una cantidad menor a la que le correspondía. Asimismo, alegó que la recurrida había violado varias disposiciones del Código de Seguros de Puerto Rico, específicamente el Art. 27.161. 26 LPRA sec. 2716a.

La aseguradora, por su parte, presentó una *Moción de Sentencia Sumaria* en la que levantó la defensa afirmativa de *accord and satisfaction*. Arguyó que el peticionario firmó el cheque y lo endosó en la sucursal de Banco Popular. Adujo que el ofrecimiento de pago constituyó uno total y definitivo de la reclamación ya que así lo establece el cheque dirigido al peticionario. Por lo tanto, alegó que la obligación contractual entre las partes quedó extinguida conforme a la doctrina de pago en finiquito y que no incurrió en práctica desleal dado que cumplió con sus obligaciones contractuales. Para ello presentó copia del cheque endosado y cobrado por el peticionario, y la Póliza de Seguros.

En respuesta, el peticionario se opuso y sostuvo que existían hechos en controversia que impedían dictar sentencia sumaria. Específicamente, en cuanto a la buena fe

de la aseguradora al remitir un pago sustancialmente menor al que tenía derecho; sobre la existencia de un consentimiento viciado por no ser informada adecuadamente sobre el resultado del ajuste y las razones específicas para este; y si el peticionario podía razonablemente entender el efecto de aceptar el pago remitido por la aseguradora a base de la información suministrada con el pago. Asimismo, sostuvo que no era de aplicación la doctrina de pago en finiquito, pues la oferta de la aseguradora se trataba de una suma líquida y exigible.[1] Acompañó su escrito con una Declaración Jurada suscrita por el peticionario y un estimado realizado por EH Construction Group.

Mediante *Sentencia* emitida el 1 de mayo de 2019 y notificada el 7 de mayo de 2019, el Tribunal de Primera Instancia declaró Con Lugar la *Moción de Sentencia Sumaria* y desestimó Con Perjuicio la demanda tras concluir que aplicaba la doctrina de pago en finiquito. Surge de la *Sentencia* que los siguientes hechos no estaban en controversia:

1. La parte demandante, Rafael Ibáñez Galarza, tenía una póliza de seguro número 2109340 suscrita con [la] Cooperativa de Seguros Múltiples de Puerto Rico, parte demandada, y tenía un límite de $139,000.00 de cubierta para vivienda.

2. La parte demandante presentó reclamación por los daños ocurridos en su propiedad a la cual

---

[1] Oportunamente, el 19 de marzo de 2019 la aseguradora presentó una *Réplica a la Moción en Sentencia Sumaria*. Ese mismo día, el peticionario incoó una *Dúplica a Réplica a Oposición a Moción de Sentencia Sumaria*. Ambas partes reiteraron sus posturas.

se le asignó el número 170761723, por los daños ocasionados a la propiedad asegurada por el paso del Huracán María por Puerto Rico el 20 de septiembre de 2017.

3. La póliza de seguro estaba vigente al momento del paso del Huracán María por Puerto Rico.

4. La propiedad asegurada se encuentra ubicada en la Comunidad Lomas Verdes calle Carcelo, Moca, Puerto Rico 00676.

5. Con relación a la reclamación hecha por la parte demandante, [la] Cooperativa de Seguros Múltiples de Puerto Rico realizó la correspondiente investigación y estimó los daños de la propiedad en $826.05, luego de aplicar el deducible estipulado.

6. El 16 de marzo de 2018 la parte demandada le envió el cheque número 1853091 a la parte demandante por dicha cantidad, en este se indicó en el área de endoso que: El beneficiario(s) a través de endoso a continuación acepta(n) y conviene(n) que este cheque constituye liquidación total y definitiva de la reclamación o cuenta descrita en la faz del mismo y que la Cooperativa queda subrogada en todos los derechos y causas de acción a la que tiene derecho bajo los términos de la referida póliza por razón de este pago.

7. El 19 de junio de 2018, la parte demandante endosó el cheque con su firma.

En desacuerdo con el dictamen emitido, el peticionario recurrió ante el foro apelativo intermedio mediante recurso de apelación. Finalmente, el Tribunal de Apelaciones confirmó la Sentencia recurrida y concluyó que no habían hechos materiales en controversia y que aplicaba la doctrina de pago en finiquito.

Inconforme aún, el peticionario acudió ante nos y sostuvo que los foros inferiores erraron al determinar

que aplicaba la doctrina de pago en finiquito y que no existían hechos materiales en controversia.

El 1 de noviembre de 2019 denegamos expedir la Petición de *Certiorari*. Sin embargo, hoy una mayoría del Tribunal acoge la primera *Moción de Reconsideración* presentada por el peticionario, revoca las Sentencias emitidas por los foros inferiores y devuelve el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta Opinión, deseo recapitular específicamente en cuanto a la aplicación del estándar de revisión de las mociones de sentencia sumaria.

Como hemos expresado, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, requiere dictar sentencia sumaria a favor de la parte promovente si las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas u otra evidencia demuestran la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. Para ello, la parte promovente debe desglosar los hechos sobre los que aduce que no existe controversia junto a la prueba específica que lo sostiene. De igual forma, la parte opositora debe presentar evidencia

admisible que ponga en controversia los hechos presentados por el promovente según exige la Regla 36.3 de Procedimiento Civil, *supra*. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010), citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986). De lo contrario, estos se se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede.

En el caso de autos podemos observar que el peticionario, como parte opositora, no refutó los hechos conforme lo establecen las reglas procesales y solo procedió a argumentar su posición en derecho. El peticionario no presentó documentos admisibles en evidencia que controvirtieran los hechos presentados por la recurrida en la solicitud de sentencia sumaria. Por el contrario, apoyó su contención en alegaciones conclusorias respecto al ofrecimiento del pago en la Declaración Jurada. Por lo tanto, no existe una controversia real sobre los hechos materiales del caso y podemos concluir que los foros inferiores aplicaron correctamente el estándar de revisión de mociones de sentencia sumaria exigidos por la Regla 36 de Procedimiento Civil, *supra*. Esto nos lleva a la aplicación del derecho a los hechos de esta controversia.

La compañía aseguradora recibió la reclamación, la investigó e inspeccionó el bien asegurado. Posteriormente, hizo los ajustes correspondientes con arreglo a la póliza de seguros. Realizada esta labor, la recurrida le envió al

peticionario el cheque número 1853091 por la cantidad de $826.05 con la advertencia siguiente:

> **El (los) beneficiario(s) a través de endoso a continuación acepta(n) y conviene(n) que este cheque constituye liquidación total y definitiva de la reclamación o cuenta descrita en la faz del mismo y que la Cooperativa queda subrogada en todos los derechos y causas de acción a la que tiene derecho bajo los términos de la referida póliza por razón de este pago.**

No hay controversia que dicho cheque fue cobrado por el peticionario. Ante ese cuadro fáctico, cabe preguntarse si se configuró la defensa afirmativa de pago en finiquito. Respondo en la afirmativa.

Nuestro ordenamiento jurídico reconoce la figura del pago en finiquito (*accord and satisfaction*). Regla 6.3(b) de Procedimiento Civil, 32 LPRA Ap. V. Así, para que exista un *accord and satisfaction* se requieren los tres (3) elementos siguientes: (1) una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) un ofrecimiento de pago por el deudor; y (3) una aceptación del ofrecimiento de pago por el acreedor. Como se expresa en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, la oferta que presenta la aseguradora tras el ajuste de un seguro sobre propiedad inmueble es un estimado razonable de los daños que considera cubiertos y está sujeta a ser impugnada por el asegurado. En vista de ello, la deuda es ilíquida e incierta hasta que las partes no acuerden fijar su valor.

En el presente caso, el ofrecimiento de pago presentada por la aseguradora era un pago total, completo y definitivo de la deuda y surge conspicuamente del cheque. Cabe destacar

que del expediente no se desprende que el peticionario solicitó reconsideración ante la compañía aseguradora por la cantidad ofrecida. Por el contrario, decidió aceptar y endosar el cheque, consciente de que el mismo era en pago total y final. Por ello, sostengo que se configuró la figura de pago en finiquito en el caso de autos.

IV

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.



Mildred G. Pabón Charneco
Jueza Asociada